# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41168
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENRIQUE GONZALEZ-CAVAZOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-469-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Enrique Gonzalez-Cavazos was charged with conspiracy to transport aliens within the United States by means of a motor vehicle and three counts of transporting aliens within the United States by means of a motor vehicle. A jury found him guilty of the three transporting counts but acquitted him of the conspiracy count. The court sentenced him within the advisory guidelines

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range to 48 months of imprisonment.  He now appeals, arguing four points of error.

First, Gonzalez-Cavazos argues that the district court erred when it ruled that the Government could introduce evidence of his 2009 aggravated assault conviction if he chose to testify.  After this ruling, Gonzalez-Cavazos preemptively testified on direct examination about his prior conviction.  "'[A] defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error.'"  *United States v. Delgado*, 401 F.3d 290, 301 (5th Cir. 2005) (quoting *Ohler v. United States*, 529 U.S. 753, 760 (2000)).  This issue is without merit.

Second, Gonzalez-Cavazos argues that the district court erred when it applied a six-level increase based on its finding that he transported between 25 and 100 aliens.  We review a district court's factual findings at sentencing for clear error and its application of the Sentencing Guidelines de novo.  *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).

There were ten aliens involved in the instant offense.  At the sentencing hearing, Gonzalez-Cavazos's codefendant, Julian Cisneros, Jr., testified that he had transported aliens with Gonzalez-Cavazos about four or five times over the course of approximately two weeks and that there were eight to ten aliens in each group transported.  Cisneros testified that they used three different drop-off locations during this time.  The district court took note of this and concluded that even if there had been only one group dropped off at each location, it would amount to 25 or more aliens.  The district court's finding is plausible in light of the record as a whole and is thus not clearly erroneous.

Third, Gonzalez-Cavazos argues that the district court erred when it applied a six-level enhancement under U.S.S.G. § 2L1.1(b)(6) and a two-level enhancement under § 3C1.2 because the enhancements were based on the

No. 12-41168

same conduct.   The commentary to § 2L1.1 provides, "If subsection (b)(6) applies solely on the basis of conduct related to fleeing from a law enforcement officer, do not apply an adjustment from § 3C1.2 (Reckless Endangerment During Flight)." § 2L1.1 comment. (n.5).

The district court explained that it applied the § 2L1.1(b)(6) enhancement because the aliens were put "in the bed of a pickup truck [and] locked in with the bed cover," which the district court described as "analogous to transporting aliens in the trunk of a car." The district court explained that it applied the § 3C1.2 enhancement "because it was a high-speed chase, it was reckless, there were other people on the roadway, and that regardless of the manner in which these aliens are being transported, the flight itself created a substantial risk of serious bodily injury or death." The enhancements were therefore not based on the same conduct and do not conflict with § 2L1.1's application notes or amount to double counting.

Last, Gonzalez-Cavazos argues that because the jury did not find beyond a reasonable doubt the he committed the offense for commercial advantage or financial gain, the district court should have reduced his offense level by three levels. Section 2L1.1(b)(1) provides for a three-level decrease if the offense was committed "other than for profit" or for other reasons not applicable here. "[T]he burden of proof at sentencing is by a preponderance of the evidence." *United States v. Brooks*, 681 F.3d 678, 712 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 839 (2013). Cisneros testified at sentencing that he and Gonzalez-Cavazos were paid to transport the aliens, and the aliens who testified at trial stated that they paid to be smuggled into the country. Based on this evidence, it is more likely than not that the offense was committed for profit. The district did not clearly err in failing to reduce the offense level.

No. 12-41168

In light of the foregoing, the judgment of the district court is AFFIRMED. Gonzalez-Cavazos's motion to expedite the appeal is DENIED.